# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:17-cr-00143-MR-1

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MITCHUM SCOTT TURPIN, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion requesting tproduction of the docket sheet, as well as copies of all plea agreements filed in this case [Doc. 75].

The Defendant was charged along with two co-defendants with one count of robbery by force, violence or intimidation, and aiding and abetting the same in Indian country, in violation of 18 U.S.C. §§ 2111, 1152, and 2; and one count of kidnapping an Indian in Indian country, in violation of 18 U.S.C. §§ 1201(a)(2), 2, and 1152.  The Defendant pleaded guilty pursuant to a written agreement to the robbery count and was sentenced on April 19, 2018 to a term of 120 months' imprisonment.  [Doc. 66].  He did not file a direct appeal.

The Defendant now requests "copies of my docket sheet: All defendants copy/version, Plea Agreements." [Doc. 75 at 1]. For grounds, the Defendant states that he needs these documents to "file [his] appeal." [Id.].

To the extent that the Defendant is requesting a copy of the docket sheet in this matter as it pertains to all three defendants, the Court will direct the Clerk to provide the Defendant with the public version of the docket sheet. To the extent that the Defendant is requesting an unsealed version of the docket sheet, that request is denied. Further, the Defendant's request for copies of his plea agreement and those of his co-defendants is also denied. Federal inmates are not entitled to copies of plea agreements absent some showing of particularized need. See United States v. MacCollom, 426 U.S. 317, 326-27 (1976) (holding that federal inmates are not entitled to transcripts at Government expense absent some showing of a particularized need); Jones v. Superintendent, Va. State Farm, 460 F.2d 150, 152 (4th Cir. 1972) ("[A]n indigent is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw.") (citation omitted); Muhammad v. United States, No. 1:08-cv-538, 2010 WL 4808511, at *1 (W.D.N.C. Nov.

12, 2010) (Reidinger, J.) (applying MacCollom and Jones in denying request for copy of defendant's own plea agreement absent showing of particularized need). Here, the Defendant did not file a direct appeal, and the time for doing so has now passed. Further, the Defendant has not filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. As such, no matters are currently pending in this case. The Defendant, therefore, has failed to demonstrate a particularized need for the requested documents.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion requesting production of the docket sheet, as well as copies of all plea agreements filed in this case [Doc. 75], is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Defendant's request for a copy of the public docket sheet as it pertains to all three defendants in this case is **GRANTED**. The Clerk of Court shall provide a copy of the docket sheet along with this Order. In all other respects, the Defendant's motion is **DENIED**.

**IT IS SO ORDERED.**

Signed: November 7, 2018

Martin Reidinger
United States District Judge