THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:17-cr-00143-MR-WCM-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | O R D E R |
| MITCHUM SCOTT TURPIN, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion Compassionate Release [Doc. 98]; the Government's Response to Defendant's Motion for Compassionate Release [Doc. 100]; and the Defendant's Reply [Doc. 101].

**I. BACKGROUND**

In November 2017, the Defendant Mitchum Scott Turpin was charged along with two co-defendants with one count of robbery by force, violence, and intimidation, and aiding and abetting the same, all in violation of 18 U.S.C. §§ 2111, 1152, and 2; and one count of kidnapping, and aiding and abetting the same, in violation of 18 U.S.C. §§ 1201(a)(2), 2, and 1152. [Doc. 21]. The Defendant pled guilty to the robbery charge pursuant to a written plea agreement. [Docs. 35, 38]. He was sentenced in April 2018 to a term

of 120 months' imprisonment. [Doc. 66]. The Defendant is currently housed at FMC Butner, and his projected release date is May 7, 2026.[1]

The Defendant now seeks a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 98]. For grounds, the Defendant cites a number of health conditions, as well as his increased susceptibility to serious illness or death from COVID-19 as a result of these conditions. [Id.].

The Court ordered the Government to respond to the Defendant's motion. [Text-Only Order entered Oct. 18, 2021]. The Government filed its Response on November 17, 2021. [Doc. 100]. The Defendant filed a Reply on December 3, 2021. [Doc. 101]. Accordingly, this matter is ripe for disposition.

## II.     DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's

---

[1] See https://www.bop.gov/inmateloc/ (last visited Jan. 3, 2022).

2

behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, the Government concedes that the Defendant has exhausted the necessary administrative remedies. [Doc. 100 at 3]. Accordingly, the Court will proceed to address the merits of the Defendant's motion.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. Specifically, the application notes to this policy statement set forth the various circumstances under which the Court can determine that "extraordinary and compelling reasons exist," including: the medical condition of the defendant, the age of the defendant, certain family circumstances, or other reasons. This policy

3

statement, however, was adopted before the First Step Act, and the Sentencing Commission has not updated the policy statement to account for the fact that defendants are now permitted to file their own motions for compassionate release. In light of these circumstances, the Fourth Circuit Court of Appeals has held that § 1B1.13 is no longer an "applicable" policy statement that constrains the discretion of the district courts in finding that "extraordinary and compelling reasons" exists to warrant a reduction in sentence. See United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020) ("By its plain terms, . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)"). Thus, this Court is "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." Id. at 284 (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)). Nevertheless, the Court recognized, that the policy statement "remains helpful guidance even when motions are filed by defendants." Id. at 282 n.7.

Here, the Defendant argues that he has a number of chronic medical conditions—including recurrent cellulitis, diabetes, and obesity—that are potentially life threatening and cannot be adequately treated while he is incarcerated. [Doc. 98 at 7-8]. The Defendant further argues that these

4

chronic conditions place him at a significant risk of serious illness or death from COVID-19. While these conditions are undoubtedly serious, the medical records provided by the Defendant indicate that his conditions are well treated within the prison facility. [See Doc. 98-3]. With respect to the risks posed by the coronavirus, the BOP medical records indicate that the Defendant has been fully vaccinated against the coronavirus. [See Doc. 100-1]. According to the CDC, vaccine effectiveness studies indicate that the mRNA COVID-19 vaccines reduce the risk of serious illness or death among people who are fully vaccinated.[2] While the Defendant still faces some risk of infection (as do all of those who have been vaccinated against the virus), the fact that the Defendant faces a slight risk of contracting the virus while incarcerated, without more, is not sufficient to justify the relief he requests. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); see also

---

[2] See https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited Jan. 3, 2022).

United States v. Lemons, 15 F. 4th 747, 751 (6th Cir. Oct. 8, 2021) ("a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an "extraordinary and compelling reason" warranting a sentence reduction….[T]o the extent prisons do offer some unique challenges, the vaccine now significantly reduces the risks associated with COVID-19."). Because the Defendant is vaccinated and thus generally protected from the most serious harms related to COVID-19, the Defendant's chronic health conditions do not constitute an extraordinary and compelling to justify his early release.

Even if the Defendant had demonstrated "extraordinary and compelling reasons" for his release, the Court must still consider the § 3553(a) sentencing factors "to the extent that they are applicable" in deciding whether to reduce a defendant's sentence in the exercise of its discretion. See United States v. Jenkins, -- F. 4th --, 2021 WL 6130105, at *5 (4th Cir. Dec. 29, 2021) (citing 18 U.S.C. § 3582(c)(1)(A)). Here, evaluation of the § 3553(a) factors weigh in favor of the Defendant's continued incarceration. First, the Defendant's crime of conviction was extremely violent. The Defendant robbed an elderly male while brandishing a firearm at him, then

6

Case 1:17-cr-00143-MR-WCM   Document 104   Filed 01/05/22   Page 6 of 7

ordered him to go into a closet while the Defendant and his co-defendants fled. Further, the Defendant has a significant criminal history, including convictions for felony assault with a deadly weapon with intent to kill, first degree kidnapping, carjacking, possessing a firearm during a crime of violence, and bank robbery. [Doc. 56 at ¶¶ 25-41]. Based on the nature of the Defendant's crimes and his criminal history, the Court finds that the Defendant's current sentence (of which the Defendant has served less than half) reflects the seriousness of the offense, promotes respect for the law, and affords adequate deterrence to further criminal conduct.

For all these reasons, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant § 3553(a) factors weigh in favor of his continued incarceration. Accordingly, the Defendant's motion for compassionate release is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion Compassionate Release [Doc. 98] is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 5, 2022

Martin Reidinger
Chief United States District Judge