IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE No. 2:95-cr-00118-MR
CRIMINAL CASE No. 1:17-cr-00143-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MITCHUM SCOTT TURPIN, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's "Motion Pursuant to 18 U.S.C. § 3664(k)" [Criminal Case No. 1:17cr-00143-MR-WCM-1, Doc. 94][1]; the Government's Response to Pro Se Motion [Id., Doc. 97]; the Defendant's Reply [Id., Doc. 99]; the Government's Supplemental Response [Id., Doc. 105 (redacted); Doc. 106 (unredacted version filed under seal); and the Defendant's Reply to the Government's Supplemental Response [Id., Doc. 107].

---

[1] The Defendant filed this motion in Criminal Case No. 1:17-cr-00143-MR-WCM-1; however, the subject of his motion relates to monetary penalties imposed both this case and in his older criminal case, Criminal Case No. 2:95-cr-00118-MR. Accordingly, the Court will enter this Order with respect to both cases.

**I.   PROCEDURAL BACKGROUND**

In May 1996, the Defendant Mitchum Scott Turpin pled guilty to one count of carjacking, in violation of 18 U.S.C. § 2119(1); one count of using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1); and one count of bank robbery, in violation of 18 U.S.C. § 2113(d). [Crim. Case No. 2:95-cr-00118-MR, Docs. 19, 21]. He was initially sentenced in March 1997 to 150 months for the carjacking and bank robbery offenses and to 60 months for the firearm offense, to be served consecutively, for a total term of 210 months, along with five years of supervised release. [Id., Doc. 25]. The Court subsequently entered an Amended Judgment reducing his sentence on the carjacking and bank robbery offenses to 84 months, for a total term of imprisonment of 144 months. [Id., Doc. 36]. The Defendant was ordered to pay $5,576.42 in restitution to the victims of his crimes and a $150.00 special assessment. [Id. at 4]. To date, the Defendant has paid $3,407.93 toward his monetary penalties imposed in that case. The balance of this restitution debt is $2,318.49. [See Criminal Case No. 1:17cr-00143-MR-WCM-1, Doc. 97 at 2].

In December 2017, the Defendant pled guilty to one count of robbery within the boundaries of the Eastern Band of Cherokee Indians reservation,

2

and aiding and abetting the same, in violation of 18 U.S.C. §§ 2111, 1152, and 2. [Id., Doc. 38]. On April 19, 2018, this Court sentenced him to 120 months' imprisonment and three years of supervised release. [Id., Doc. 66]. The Court also ordered the Defendant to pay a $100.00 special assessment and $762.00 in restitution, jointly and severally with his co-defendants. The Defendant has paid nothing toward his monetary penalties, but his restitution judgment has been satisfied by his co-defendants. His balance is $100.00 for the special assessment. [Id., Doc. 97 at 2].

On April 28, 2021, the Defendant's $1,801.04 stimulus payment, which was apparently claimed as a tax credit on his tax return, was offset by the Treasury Offset Program ("TOP")[2] and applied to his restitution debt.

By the present motion, the Defendant requests that his stimulus payment be refunded to him. [Id., Doc. 94]. In so moving, the Defendant argues, in part, that the offset was improper because he did not receive notice of his enrollment in TOP. [Id. at 3]. On December 7, 2021, this Court ordered the Government to supplement its response to the Defendant's

---

[2] The Treasury Offset Program ("TOP") authorizes the Treasury Department to collect past due debts owed to the federal government by withholding funds due to debtors from federal agencies. Tax refunds are subject to TOP pursuant to the Debt Collection Improvement Act of 1996 ("DCIA"), 31 U.S.C. § 3701 et seq., 31 U.S.C. § 3720A, and 26 U.S.C. § 6402.

3

motion with evidence of the pre-offset notice provided. [Id., Doc. 102]. On December 21, 2021, the Government moved for an extension of time to respond in order to seek further confirmation of notice [Id., Doc. 103], which this Court granted [Text-Only Order entered Jan. 3, 2022]. The Government filed its Supplemental Response on January 11, 2022. [Id., Docs. 105, 106]. The Defendant filed his Reply to the Government's Supplemental Response on February 14, 2022. [Id., Doc. 107].

## II. DISCUSSION

The Defendant seeks the return of his stimulus fund payment pursuant to 18 U.S.C. § 3664(k), which is a provision that allows the Court to modify a defendant's restitution payment schedule upon demonstration of a material change in the defendant's economic circumstances. Section 3664(k), however, is inapplicable here. The Government does not seek to modify the Defendant's payment schedule, nor does it need to. The Judgment entered in the Defendant's 1995 case ordered the payment of monetary penalties "in full immediately," that is, during the period of imprisonment. [See Criminal Case No. 2:95-cr-00118-MR, Doc. 36 at 6]. Similarly, the Judgment entered in the Defendant's 2017 case required the immediate payment of monetary penalties, along with monthly payments upon release. [See Criminal Case No. 1:17-cr-00143-MR-WCM-1, Doc. 66 at 7].

4

The Defendant appears to argue that the Government's offset was improper because he was participating in the Inmate Financial Responsibility Program ("IFRP") and had been making payments in compliance with that program. [Criminal Case No. 1:17-cr-00143-MR-WCM, Doc. 94 at 3-5]. The Government's collection activities, however, are not limited to a payment schedule or participation in the IFRP when payment is also due "immediately." See, e.g., United States v. Howell, No. 5:10-CR-00011-RLV-DCK-1, 2017 WL 3301358, at *3 (W.D.N.C. Aug. 2, 2017) (Voorhees, J.); United States v. Powell, No. 3:01CR90, 2008 WL 276521, at *1 (W.D.N.C. Jan. 29, 2008) (Thornburg, J.). The Defendant's participation in the IFRP, therefore, does not preclude the offset by TOP.

In the event that his motion is not cognizable pursuant to § 3664(k), the Defendant argues that the offset was improper because he did not receive notice of his enrollment in TOP. [Criminal Case No. 1:17-cr-00143-MR-WCM, Doc. 94 at 3].

Before the Government takes any action on a debt referred to TOP for offset, the federal agency to whom the debt is owed must notify the debtor that the agency is proposing the offset and give the debtor at least 60 days to present evidence that all or part of the debt is not past-due or not legally enforceable. 31 U.S.C. § 3720A(b)(1), (2). The requirement of this 60-day

5

notice is repeated in the regulations, 31 C.F.R. § 285.2(d)(1)(ii), which provide that the notice requirement is met when the agency sends the notice to "the current address . . . contained in the agency's records related to the debt." See 31 C.F.R. § 285.2(d)(2)(i).

Criminal judgments imposing monetary penalties are referred to the Financial Litigation Unit of the United States Attorney's Office ("USAO") for collection. Upon referral, all fines, restitution, and special assessments are set up as debts owed to the United States in the office's computerized debt collection system, called the Consolidated Debt Collection System ("CDCS"). At the time that the Defendant's debt was referred, it was called the Tracking Assistance for Legal Office Network ("TALON"). [See Criminal Case No. 1:17-cr-00143-MR-WCM-1, Doc. 105-5: Gard Decl. at ¶ 3]. TALON was converted to CDCS on September 4, 2007. [Id. at ¶ 6]. The USAO's standard procedure was to enter the address set out in the Presentence Report into the database. [Id. at ¶ 3]. A debtor's address would be updated in the computerized debt collection system when the debtor notified this office of a change in address or when the USAO otherwise learned that a debtor had a new address. [Id. at ¶ 4]. The Defendant's Amended Judgment ordered that "the Defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address

until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid." [Criminal Case No. 2:95-cr-00118-MR, Doc. 36 at 1].

Before a defendant's debt is referred by this office to TOP, an event is entered in the computerized debt collection system called "TOPN," which stands for Treasury Offset Program Notice. The events screen in CDCS regarding the Defendant's restitution shows entry of a TOPN event on December 29, 2003,[3] and March 6, 2007. [See Criminal Case No. 1:17-cr-00143-MR-WCM-1, Doc. 105-2: CDCS Events Screen, attached as Ex. 1 to Wood Decl.]. Under standard procedures at the time of those entries, entry of the TOPN event in TALON caused a notice to be generated by the USAO that would then be forwarded by mail to the Department of Justice in Washington, D.C., to be mailed to the Defendant. The notice informed the Defendant that his outstanding debt was referred by the Justice Department for inclusion in TOP. [See id., Doc. 105-4: Sample Notice attached as Ex. 3 to Wood Decl.]. The notice would have been sent to the address entered by this office into the Defendant's account in TALON.

---

[3] It does not appear that Defendant's debt became active on TOP after the 2003 event was entered.

7

Case 1:17-cr-00143-MR-WCM   Document 108   Filed 02/25/22   Page 7 of 10

The Defendant's debt was added to TOP effective September 7, 2007. [Id., Doc. 105-3: TOP Debtor Transaction History Report attached as Ex. 2 Wood Decl.]. The address listed under "TOP Offset Address" is the same address listed in the Defendant's Presentence Report. [Id., Doc. 105-5: Gard Decl. at ¶ 7].

Although the Government has been unable to locate a copy of the actual notice sent to the Defendant, the computer printouts, sample notice, and declarations submitted therewith are sufficient to establish that the USAO and the Department of Justice satisfied the 60-day notice requirement. See Greene v. United States, 124 Fed. Cl. 636, 643-44 (2015) (CDCS entries and a copy of a sample letter were sufficient to show that Department of Justice satisfied the 60-day notice requirement); Kipple v. United States, 105 Fed. Cl. 651, 656 (2012) (Department of Education established that it had satisfied requirement by submitting an affidavit and computer printout showing that the pre-offset notice was generated and explaining that the notice was sent to the address on file at the agency). The TOPN event was entered on March 6, 2007, and the Defendant's debt became active in TOP six months later, on September 7, 2007.

Although the Defendant claims that he did not receive the notice, whether he actually received it is not the relevant inquiry. As the Greene and

Kipple courts noted, "likelihood of actual receipt . . . is not the relevant standard. . . . Relevant regulations provide that notification or a 'reasonable attempt' to notify should be sent to the taxpayer . . . ." Greene, 124 Fed. Cl. at 644 (quoting Kipple, 105 Fed. Cl. at 656). That requirement is met by sending a notice to the address currently on file with the agency. 31 C.F.R. § 285.2(d)(2)(i). In any case, the Defendant was under a duty to notify the USAO of any change in his address and cannot complain about failing to receive notice if he failed to do so.

Finally, notice of offset is provided to give the debtor an opportunity to provide evidence that the debt referred is not past due or legally enforceable. 31 C.F.R. § 285.2(d)(1)(ii). Here, the Defendant's debt was—and is—both past due and legally enforceable. It is the result of a valid criminal restitution judgment. It was ordered due "in full immediately" and specifically "due during the period of imprisonment." [See Criminal Case No. 2:95-cr-00118-MR, Doc. 36 at 6; Criminal Case No. 1:17-cr-00143-MR-WCM-1, Doc. 66 at 7].

For all these reasons, the Court concludes that the offset of the Defendant's stimulus funds was proper, and the Defendant's motion should be denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion Pursuant to 18 U.S.C. § 3664(k)" is **DENIED**.

**IT IS SO ORDERED.**

Signed: February 25, 2022

Martin Reidinger
Chief United States District Judge